# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**PAUL CHIARKY,**

    Plaintiff,

v.                                                        Civil Action No. **3:23CV103 (RCY)**

**CORRECTIONAL OFFICER JOYNER,**

    Defendant.

### MEMORANDUM OPINION

Paul Chiarky, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Chiarky's Particularized Complaint. (ECF No. 13.) At all times relevant to this action, Chiarky was an inmate at Riverside Regional Jail ("the Jail"). Chiarky asserts that the Defendant, Correctional Officer Joyner, used excessive force against him on June 27, 2022. (*Id.* at 1–2.) Defendant Joyner has moved for summary judgment on the ground that, *inter alia*, Chiarky failed to exhaust his administrative remedies. (ECF No. 30, at 9–10.) Chiarky has responded. The Motion for Summary Judgment (ECF No. 29) will be GRANTED.

### I. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits excessive emphasis in quotations from the parties' submissions. The Court omits any secondary citations in the quotations from the parties' submissions.

judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Defendant Joyner asks the Court to dismiss Chiarky's claim against him because Chiarky failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  Because the exhaustion of administrative remedies is an affirmative defense, Defendant Joyner bears the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  As pertinent here, Defendant Joyner submitted:  (1) the Declaration of Lieutenant Charlene Jones, (ECF No. 30-2, at 1–2), and (2) the Jail Inmate Handbook, (ECF No. 30-2, 3–50).  Chiarky has not submitted any evidence relevant to the issue of exhaustion.

In light of the foregoing principles and submissions, the facts set forth below are established for the purposes of the pending Motion for Summary Judgment.  All permissible inferences are drawn in favor of Chiarky.

The Court notes Defendant Joyner also argued for summary judgment on the ground that he did not use excessive force against Chiarky.[2]

---

[2] In support of this argument, Defendant Joyner submitted a video of the June 27, 2022 and provided a copy of the same to Chiarky.  Accordingly, Chiarky's request for a copy of the video (ECF No. 26) will be DENIED AS MOOT.  Chiarky also has submitted requests for witnesses. (ECF Nos. 39, 43.)  These requests fail to comply with Local Rule 7(F)(1).  That Rule states that all motions "shall be accompanied by a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies." E.D. Va. Loc. Civ. R. 7(F)(1).  Moreover, Chiarky's requested witnesses cannot defeat Defendant Joyner's defense that Chiarky failed to exhaust his administrative remedies.

## II. Relevant Facts

As noted previously, Chiarky alleges that Defendant Joyner used excessive force against him on June 27, 2022. (ECF No. 13, at 1–2.) The Jail has a grievance procedure for inmates to seek relief for conditions or incidents at the Jail. (ECF No. 30-2, at 41.) The procedure provides:

> If you have a concern that you feel is the basis of a grievance, you must first make an effort to verbally resolve the situation with your Pod Officer. If the situation is not settled to your satisfaction, you may request an Inmate Grievance Form. You must submit the completed form to their housing officer within twenty-four (24) hours of incident that has caused the grievance. The form must be addressed to the Officer, filled out completely and returned within twelve (12) hours. A Grievance addressing more than one issue will not be accepted to ensure a speedy return.
> The staff member or section has seven (7) days from date of receipt to reply to your grievance, excluding holidays and weekends.
> If you are dissatisfied with the response on the Inmate Grievance Form, you may appeal the response within 24 hours. To appeal, you must use an Inmate Grievance Appeal Form, which you can obtain from the Pod Officer. The original Inmate Grievance Form must accompany an appeal. There is only one level of appeal; the Division Chief for your assigned area will respond to your appeal and return the appeal response within seven (7) days, excluding holidays and weekends. This response is final.

(*Id.*) Chiarky failed to file any grievance related to Defendant Joyner's alleged use of excessive force on June 27, 2022. (*Id.* at 2.)

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue

the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits," *id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The record reflects that Chiarky failed to exhaust his administrative remedies. Accordingly, the Motion for Summary Judgment (ECF No. 29) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE. *See Duncan v. Clarke*, No. 3:12CV482. 2015 WL 75256, at *9 (E.D. Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

### IV. Conclusion

In light of Chiarky's dispositive failure to exhaust his administrative remedies, Chiarky's request for a copy of a video (ECF No. 26) will be DENIED AS MOOT. Chiarky's requests for witnesses (ECF Nos. 39, 43) will be DENIED. Defendant Joyner's Motion for Summary Judgment (ECF No. 37) will be GRANTED. Chiarky's Motions for Summary Judgment (ECF Nos. 37, 41) will be DENIED. The action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY  
Roderick C. Young  
United States District Judge

Date: April 18, 2024  
Richmond, Virginia